TIMOTHY L. GILLETT, Plaintiff in Error,

*vs.*

WILLIAM H. PHELPS, SIMON V. VEDDER and ALEX-
ANDER VAN BUREN, Defendants in Error.

ERROR TO FOND DU LAC CIRCUIT COURT.

In an action of trespass brought against the plaintiffs in an attachment suit, in which
the goods were seized, it is competent to prove that they approved of the seizure
and received the proceeds of the property seized.

When testimony competent in its character, and pertinent to the issue, is rejected
on the trial, the judgment should be reversed for such error, unless it clearly ap-
pears that the party could not have been injured by its rejection.

Where a party objects to a question put to a witness, and is overruled, if he wishes
to avail himself of exceptions in a court of review, he should set forth the answer
given by the witness in his bill of exceptions, in order that the court may see
whether or not he is prejudiced by the answer.

Though an improper question be allowed, notwithstanding objection, if the answer
be entirely harmless, the judgment will not be reversed for such cause.

THIS was an action of trespass brought by the plaintiff in error
against the defendants in error for the taking and carrying away
from the possession of the plaintiff a stock of dry goods and
groceries, to his damage $20,000.

The declaration was in the usual form; plea, general issue,
with notice that the goods were the property of George W. Gil-
lett, and belonged to him at the time of the alleged taking; that
the sale of the goods to the plaintiff was fraudulent and void, as
to the creditors of G. W. Gillett, and that they, the defendants,
were, at the time of the alleged sale and taking, the creditors of
the said G. W. Gillett; and that the defendants would justify
the said taking of the property mentioned under and by virtue
of three several writs of attachment issued out of the Circuit Court
of Fond du Lac county, against the goods and chattels, lands
and tenements, of the said G. W. Gillett (describing the writs of
attachment, one in favor of Nehemiah D. Wilkin, Robert H.
Boyd and Alexander H. Van Buren, one in favor of Aaron D.

Fenton and William H. Phelps, and one in favor of David Wagstaff and Simon V. Vedder).

Upon the issue thus formed, the cause was brought to trial at the December term, 1855, when the questions arose now presented to this court, and which are disclosed by the bill of exceptions.

Upon the trial in the court below, as appears by the bill of exceptions, the plaintiff proved, by one Jabez Gillett, that the property in controversy was purchased by the plaintiff from G. W. Gillett, on the 1st day of November, 1853, for the sum of $7,700, and that he gave in payment therefor some real estate, valued at $530, some notes and mortgages, and a wagon, buffalo robe and harness, and assumed the payment of a sum owing by him to Gillett & Rockwell, Wagstaff & Vedder, and Fenton & Phelps, amounting to $2,600; and that the plaintiff had given his letter of credit to Wagstaff & Vedder, and to Fenton & Phelps, for the goods sold by them, and not being the debts for which the attachments were issued; and that he immediately entered into possession of the property purchased from G. W. Gillett, and retained possession thereof until the 17th day of December following, when the goods were seized by the sheriff of said county upon the three attachments against George W. Gillett.

And the plaintiff, on his part, further gave in evidence the writs of attachment aforesaid, upon which the property was taken from him, together with the affidavits annexed thereto. These several writs and affidavits set out an indebtedness of George W. Gillett to the firms described therein, as before stated, together with the amount of such indebtedness respectively.

And the plaintiff further proved, by Edward Beaver, sheriff, &c., that the property in controversy was sold by him as sheriff of Fond du Lac county, upon execution against George W. Gillett, in favor of the plaintiffs in the said writs of attachment.

The plaintiff then offered to prove by the witness (sheriff as aforesaid), that since the commencement of this suit the defendants received the avails of the property attached; that the attorneys who sued out the original writs for the defendants were

present at the sale of the goods, counseled and directed the same, and received the proceeds thereof as the attorneys in the attachment suits aforesaid; which was objected to by the defendant, and the plaintiff excepted.

The plaintiff also proved, that on a former trial of *Gillett vs. Jenkinson*, in October, 1854, the defendants, Van Buren, Vedder and Phelps, testified on their *voir dire*, that they had each caused or procured indemnity to the sheriff to seize these goods.

The defendants then called as a witness, Charles A. Eldridge, whose testimony touching the point in judgment, as presented in the opinion of the court, in contradistinction of the testimony of James M. Gillett, as to the fact of the defendants Vedder and Phelps having been sworn upon the *voir dire*, as before stated; and upon cross-examination this witness was asked the following question: " Did you not assent to the attaching of these goods upon the writs of attachment?" [He had before testified that he was attorney and counsel for the attaching creditors.] Which question was objected to by the defendants, and the objection was sustained, and exception taken. Other questions were put to this witness on his cross-examination, tending to show the assent of the defendants to the seizure of the goods, and were excluded by the court, and like exceptions taken. The subject matter of which, and the legal questions arising therefrom, are substantially the same as those connected with the examination of the witness Waite, more particularly referred to in the argument of counsel and the opinion of the court.

The defendant then called, or rather re-called, Franklin M. Waite, who testified, among other things, that he was one of the attorneys for the attaching creditors; that he acted as counsel for the sheriff during his term of office, and that we (Eldridge & Waite) acted as the plaintiff's attorneys in the attachment suits, to the time that the defendants sold out their interest in the debts for which the suits were brought, which was about October 1, 1854; that Eldridge & Waite received no directions from the defendants to seize the goods. Eldridge & Waite continued to act as attorneys for the other plaintiffs in the attachment suits. He thought his partner, Eldridge, handed

the sheriff the bonds of indemnity (executed by the defendants with others to the sheriff, to indemnify him for seizing the goods under the attachments). The plaintiff's counsel then asked the witness the following questions, viz: " Do you not know that the bonds were handed to the sheriff for the express purpose of having these goods attached ?" which was objected to by the defendant's counsel, the objection sustained by the court, and exception taken; also the following question, viz: " Did you not, as attorney for the plaintiffs (in the attachment suits), direct the seizure of a portion of this property ?" which was in like manner rejected, and exception taken.

The counsel for the plaintiff in error then asked the witness: " Did not the plaintiffs in the attachment suits approve of the seizure of these goods ?" which was in like manner rejected, and exception taken.

There were also many other propositions and offers of evidence made, objected to and rejected, which are not considered in the opinion of the court, and hence need not be set out in the report.

It is proper, also, to remark, that the bill of exceptions was made up by stating therein a part of the evidence preceding, and then inserting the question asked the witness, which was objected to, and the answer admitted, but which answer is not given.

Several exceptions were taken to the ruling of the court below, in regard to instructions to the jury, but as they are not made points in the judgment of the court, they are omitted.

Upon the evidence submitted, under the charge of the judge, the jury returned a verdict for the defendants, upon which judgment was rendered; to reverse which, this writ of error is sued out.

*E. S. Bragg*, for the plaintiff in error.

It is claimed as established by proof, that the several writs of attachment were issued upon the affidavits of the defendants in error respectively, stating that the amount for which each writ issued respectively, was due upon express contract: also that

Messrs. Eldridge & Waite were the attorneys for the plaintiffs in the writs of attachment.

Upon a bill of exceptions, this court will examine and determine the questions of law presented by the bill, and material to the decision of the case—and if it appears that evidence was improperly admitted or rejected, which might have influenced, or in any wise affected the jury in the finding of their verdict; or if the court erred in the charge to the jury, upon a point or question of law, which may have prejudiced the rights of a party, or may have misled the jury, then, in such case, the judgment must be reversed, and a *venire de novo* awarded. 2 *Hill*, 447; 24 *Wend.* 419; 2 *Hall*, 40; 19 *Wendell*, 232; 1 *Arch. Pr.* 210; 12 *Wend.* 64.

The legal questions presented by the bill of exceptions in the case at bar, are:

Were the acts, advice and direction of the attorneys of the plaintiffs in the attachments, proper evidence to be given to the jury, as tending to connect the plaintiffs in the writs, with the acts of the officer in executing the writs: especially, where it was offered to be proven, that those plaintiffs assented to, and approved of the acts in question?

Where a conveyance of property is attacked as fraudulent, can the fraudulent intent of the vendor, not participated in by the vendee, affect the title of the property in the hands of the vendee? and must not a mutuality of fraudulent intent be proved to exist, before the presumption of innocence and fair dealing is rebutted?

It is submitted, that it is well settled, that the plaintiff, who in a writ directs the officer what to seize, is equally liable with the officer for the seizure; so also, if the plaintiff's attorney direct the officer, his act renders the plaintiff responsible; so, also, a subsequent assent by a party to a trespass for his use and benefit, makes him a trespasser, although not privy to it, when it was done. *Comyn's Dig. Trespass,* 515; *Chitty's Pl.* 80; 2 *Phillipps' Ev.* 187; 3 *Wils.* 377.

The doctrine, as settled by these authorities, seems to have been forgotten and disregarded, on the trial of this cause at the

circuit. The plaintiff, by a great variety of questions, coming directly within the scope of these authorities, sought and offered to connect the defendants, through the agency of their attorneys, with the acts of the officer, each of which questions was overruled by the judge, and the evidence excluded from the consideration of the jury: and the plaintiff also offered to prove the receipt, by the defendants, of the avails of the property attached by the officer, which was also excluded. And the plaintiff offered to prove an approval, by the defendants, of the seizure of the property in controversy, which was also excluded.

It seems to follow, as a necessary deduction from the premises, that these several rulings of the Circuit Court were erroneous.

And it is submitted, that these errors, so committed, operated directly to the injury of the plaintiff. The plaintiff connected the defendants with the trespass, by their admissions, said to have been made by them, on their *voir dire* oaths on a previous trial; and by this proof, established a *prima facie* case. But the defence, to rebut this testimony, disproved by three witnesses, the material facts sworn to in behalf of the plaintiff by one witness, by which the defendants were connected with the trespass. Hence, it was material for the plaintiff to re-establish their connection with the officer, by new proof, or by some circumstances corroborating the statements of his witness. Hence, it is submitted, that if in this respect the court erred in its rulings, and that error may have operated to the injury of the plaintiff, the judgment should be reversed, and a *venire de novo* awarded. Hence the testimony of Waite, sought for by the question, and rejected by the court, was material and proper, nay, even essential.

*C. A. Eldridge*, for the defendants in error.

The Circuit Court was right in overruling the question propounded to the witness Waite, as to the fact whether the defendants approved of the seizure of the goods, because the testimony offered was only to connect the defendants with the original taking of the goods; and it appears from the bill of

exceptions that that fact was established beyond cavil or dispute, by direct, clear and uncontradicted evidence. Therefore, the testimony implied by the question put to the witness, could have done the plaintiff no good, and its rejection no injury. It was entirely supererogatory. *Cooper vs. Blood*, 2 *Wis. Rep.* 71; *Rex vs. Teal et al.*, 11 *East*, 307; *Edwards vs. Evans*, 3 *East*, 452; *Graham on N. T.* 255, 256.

As to the subject matter of the approval by the defendants, of the seizure of the goods, the plaintiff had rested his case before the question put to the witness Waite, and it was entirely in the discretion of the court to permit him to go into that inquiry again, until at least it was controverted by the defendants. *Rex vs. Hildreth*, 5 *C. & P.*; *Leland vs. Burnett*, 5 *Hill*, 288; *Cow. and H. Notes*, 712.

The testimony offered by the plaintiff, viz: that the defendants received the avails of the property attached; that the attorneys who sued out the writs of attachment for the defendants, were present at the sale of the goods, directing the same, and receiving the proceeds thereof for the defendants, was properly excluded. The whole offer must be taken together, and if a part be proper and a part improper, the whole should be rejected. *Reab vs. McAllister*, 8 *Wend.* 109; *Daniel vs. Patterson*, 3 *Const.* 47. The defendants were not liable because they were nominally a *part* of the plaintiffs in the attachment suits, without showing that *these defendants* directed or assented to the seizure. *Averill vs. Williams*, 1 *Denio*, 501. If a party does not attend with the officer who levies upon goods, and does not personally interfere in the matter, he is not liable. 24 *Eng. Com. L.* 230. The mere receipt of money made by the sheriff on an execution, cannot make the party a trespasser.

The action of the attorney for the plaintiffs in the attachment suit, in ordering the seizure, sale, &c., of the goods, does not inculpate the defendants here, unless their attorneys acted by their order, direction or authority. *Averill vs. Williams*, 4 *Denio*, 295. The authority of the attorney should have been made part of the offer. Evidence must appear to be relevant at the time it is offered. *Jones vs. Lake*, 2 *Wis. Rep.* 210.

The evidence rejected does not appear in the bill of excep-
tions; therefore this court cannot perceive whether there was,
or was not, error in rejecting it; or, whether the witnesses an-
swered or not, it does not appear what they answered, nor
whether it was material, or wholly irrelevant. 2 *Chand. Rep.*
46; *Miller vs. Hayford,* 1 *Wis. Rep.* 401.

*By the Court,* COLE, J. It was clearly proper for the plaintiff
in error to show, by any legal and competent testimony, that the
defendants approved of the taking of the goods in the attach-
ment suits, which goods he claimed as his. The connection of
the defendants with the alleged trespassers was a most material
point in his case, and he had to establish that fact, in order to
entitle him to recover in the action. He, therefore, very prop-
erly proposed to show, by the witness Waite, that they had ap-
proved of the seizure of the goods, but the evidence was ob-
jected to, and ruled out.

Upon what principle the evidence was held to be inadmissible,
we are not informed. But the ruling of the court cannot be sus-
tained.

The reply given by the defendant in error to this view of the
case is, that the testimony of Waite upon this point was merely
cumulative; that the connection of the defendants with the
original seizure was established beyond all question by other
evidence in the case, and that such evidence was clear and uncon-
tradicted, and that, therefore, the rejection of Waite's testimony
could have worked no injury to the plaintiff. We do not so re-
gard it. Furthermore, it is impossible to tell what view the jury
took of the case, and upon what ground they based their verdict;
whether, from the testimony, they were led to the conclusion
that the sale from George W. Gillett to the plaintiff, was made
for the purpose of hindering and delaying the creditors of the
former from collecting their demands, and, hence, was fraudulent
and void; or whether they were not satisfied, from the testimony
introduced, that the defendants were liable, not having counseled,

advised or approved of the taking of the goods upon the writs of attachmment, we have no means of knowing.

It is sufficient to say, that the testimony offered was relevant and proper, and its rejection might have prejudiced the plaintiff's case.

It is very easy to see from the bill of exceptions, meagre as it is, that the defendants strongly contested the fact of their connection with the taking of the goods. That is apparent from the whole case, and more especially, from the objection made to the question asked Waite, the sole object of which was to prove this very fact.

Before dismissing this case from our consideration, we deem it proper to make some remarks upon the practice adopted in preparing this bill of exceptions. The bill of exceptions shows that a number of questions were asked witnesses, which were objected to by the plaintiff, and the objection overruled, and the witnesses permitted to answer; but not one word of these answers is set forth in the bill of exceptions, although the ruling of the court, in admitting the testimony, is assigned for error thereon. If a party objects to a question, and is overruled, if he wishes to avail himself of exceptions in a court of review, he should set forth the answer in a bill of exceptions, in order that we may see that he was prejudiced by the answer given.

It is quite obvious that an improper question may be put to a witness, and the witness be permitted to answer, under an objection, when his answer was entirely harmless.

Feeling compelled to grant a new trial, on account of the rejection of proper testimony, we do not deem it necessary to pass upon the other points made on the argument of this cause.

Judgment of the Circuit Court is reversed, with costs, and a new trial ordered.